UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60009-BLOOM/Valle

GABRIEL MYRTHIL,

    Plaintiff,

v.

CHRISTINE SCHADE,
ALLEGRA ADAMSON, and
BROWARD COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

# ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT AND TO REOPEN CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to File Fourth Amended Complaint and to Reopen Case, ECF No. [86] (the "Motion"). Defendants Christine Schade ("Schade") and Allegra Adamson ("Adamson) (together, "Defendants") filed a timely response, ECF No. [87] ("Response"). The Court has carefully reviewed the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motions.

Plaintiff commenced this case asserting claims pursuant to 42 U.S.C. § 1983 arising from Plaintiff's arrest following an alleged seatbelt violation. On August 20, 2018, the Court entered an order dismissing Plaintiff's claims for false arrest and false imprisonment with prejudice, finding that his claims were barred by the statute of limitations. *See* ECF No. [82]. In addition, the Court dismissed without prejudice Plaintiff's claims for malicious prosecution, finding that Defendants are entitled to qualified immunity. *See id*. Nevertheless, the Court did not grant Plaintiff leave to amend. Plaintiff now seeks the Court's leave to file a Fourth Amended Complaint

asserting claims for malicious prosecution (Counts I and II), illegal search and seizure (Count III), and violation of privacy rights under 42 U.S.C. § 1983 (Count IV) based upon the same facts underlying his previously dismissed complaint. *See* ECF Nos [36], [86] at 4-13.

In Response, Defendants argue that the Court should deny leave to amend because the Court previously found that Defendants are entitled to qualified immunity with respect to Plaintiff's malicious prosecution claims, and that the new claims asserted in Counts III and IV fail to state claims and, in any event, are barred by the statute of limitations. As such, the amendment and the resulting claims set forth in the Fourth Amended Complaint are futile.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review, the Court determines that Plaintiff's proposed amendment is futile. First, the Court determined that Defendants are entitled to qualified immunity with respect to Plaintiff's malicious prosecution claims based upon a finding that Defendants possessed arguable probable cause at a minimum. *See* ECF No. [82]. The allegations in Plaintiff's proposed Fourth Amended Complaint do not alter the Court's analysis or its ultimate conclusion. Second, like Plaintiff's false arrest and false imprisonment claims, the newly asserted claims for illegal search and seizure and violation of privacy rights stem from the same events that occurred on August 3, 2013, and are therefore barred by the statute of limitations.

Accordingly, the Plaintiff's Motion, **ECF No. [86]** is **DENIED**. This case shall remain closed.

Case No. 18-cv-60009-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Gabriel Myrthil, *pro se*
2340 NW 87th Terrace
Miami, FL 33147